UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAFIQ RASUL, *et al.*,<br><br>    Petitioners,<br><br>    v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br><br>    Respondents. | Civil Action No. 02-299 (CKK) |
| FAWZI KHALID FAHAD AL ODAH, *et al.*,<br><br>    Petitioners,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Respondents. | Civil Action No. 02-828 (CKK) |

**MEMORANDUM OPINION**
(July 26, 2004)

Presently before the Court is Respondents' Motion to Consolidate a number of petitions for writs of habeas corpus pending before several judges on this Court.[1] Each of these cases is brought by foreign nationals detained or taken into custody by the United States authorities in connection with hostilities involving al Qaeda, the Taliban, and their supporters, and held at the

---

[1] Cases presently pending before judges on this Court include: *Rasul v. Bush*, 02cv299 (CKK); *Al Odah v. United States*, 02cv828 (CKK); *Mamdouh v. Bush*, 02cv1130 (CKK); *Kurnaz v. Bush*, 04cv1135 (ESH); *Khadr v. Bush*, 04cv1136 (JDB); *Begg v. Bush*, 04cv1137 (RMC); *Bechellali v. Bush*, 04cv1142 (RJL); *El-Banna v. Bush*, 04cv1144 (RWR); *Gherebi v. Bush*, 04cv1164 (RBW); *Boumediene v. Bush*, 04cv1166 (RJL); *Anam v. Bush*, 04cv1194 (HHK).

United States Naval Base at Guantanamo Bay, Cuba. Respondents request that the Court consolidate these several cases, and any actions of the same nature filed in the future, pursuant to Federal Rule of Civil Procedure 42(a). The Court finds that each of these cases involves a unique factual scenario. Consequently, the Court finds that consolidation would be improper, and shall deny Respondents Motion.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides, in pertinent part, that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The district court has discretion to consolidate civil actions where the cases share common issues of law or fact, consolidation were serve the interests of judicial economy, and the parties would not be prejudiced by consolidation. *See United States v. W. Elec. Co., Inc.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995); *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951); *Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982); *Judicial Watch, Inc. v. United States Dep't of Energy*, 207 F.R.D. 8, 8 (2002)

Under Local Civil Rule 40.5(d), a motion to consolidate cases assigned to different judges of this Court shall be decided by the judge to whom the earliest numbered case is assigned. The case of *Rasul v. Bush*, 02cv299, before the undersigned, has the earliest case number of the actions at issue here.

## II.  DISCUSSION

Respondents argue that their Motion to Consolidate should be granted because the several

cases involve common questions of law and fact, because consolidation would serve the ends of judicial economy and convenience for the parties, and because failure to consolidate would result in prejudice to the parties. *See* Resp'ts Mot. at 2. The Court notes that no Petitioners have consented to Respondents' Motion.[2]

    *A.    Cases do not Involve Common Issues of Fact*

Respondents allege that each of the instant cases involve common questions of fact. Respondents argue that "the cases present common fact scenarios in that each and every petitioner is an alien who was apprehended in some manner overseas in connection with hostilities involving al Qaeda, the Taliban, and their supporters[.] is considered an enemy combatant," and is held at Guantanamo Bay. Resp'ts Mot. at 8. Respondents point out that each of the cases pending before various judges on this Court "challenges the nature of [the Petitioner's] confinement, allegedly without access to counsel or family and without a statement of charges against [the Petitioner]. *Id*.

The Court is unpersuaded by Respondents' view that "except with regard to averments concerning the circumstances of petitioners' capture . . . and the occasional additional legal theory, the petitions in these cases are essentially the same." Resp'ts Mot. at 7. Even though Respondents argue that Petitioners commonly challenge the legality and conditions of their detention, the Court finds that the different circumstances of each Petitioner's capture and the

---

    [2]Respondents indicate that counsel for Petitioners in *Kurnaz*, 04cv1135, opposes this Motion, counsel for Petitioners in *Al Odah*, 02cv828, *Habib*, 02cv1130, *Khadar*, 04cv1136, *Benchellali*, 04cv1142, and *Boumediene*, 04cv1166, believe that Respondents' Motion is premature or are not in a position to consent to the Motion, and counsel for Petitioners in the other cases have not informed Respondents of their positions on the instant Motion. Resp'ts Mot. at 2.

individualized reasons offered for that Petitioner's confinement will require individualized adjudication. While each Petitioner may challenge his detention, any analysis of the propriety of that detention will require a unique and fact-specific analysis. Accordingly consolidation is not proper under Federal Rule of Civil Procedure 42(a).

      B.     *Consolidation is Committed to Discretion of District Court*

Furthermore, even if consolidation of these cases were proper, which it is not, the question of whether to consolidate several cases is committed to the "broad discretion" of this Court. *W. Elec. Co., Inc.*, 46 F.3d at 1207 n.7; *see also Santucci*, 188 F.2d at 645 ("Under these circumstances the actions fulfilled all the necessary conditions, and the question of consolidation was therefore a matter within the sound discretion of the District Court."). In addition to the factual differences apparent in each Petitioner's case, the Court finds that additional factors militate against consolidation.

First, no counsel for any Petitioner has indicated that they consent to this Motion. Resp'ts Mot. at 2. Although the Court recognizes that objections by parties do not preclude consolidation, *see Midwest Comty. Council v. Chicago Park Dist.*, 98 F.R.D. 491, 499-500 (1983), the Court is reluctant to foist consolidation on unwilling Petitioners.

Second, despite Respondents' statements to the contrary, the Court does not find that the interests of judicial economy will be furthered by consolidation. Although Petitioners may use similar legal arguments to press for similar relief, the individualized analyses necessary to consider the propriety of that detention will be no more efficiently undertaken by one judge than by several. In addition, the several cases at issue here are not the co-ordinated effort of one attorney or law firm on behalf of a variety of clients. Rather the cases Respondents seek to

consolidate are brought by a number of different attorneys, which further distinguishes the cases from one another and weakens Respondents' argument for consolidation.

### III. CONCLUSION

After consideration of Respondents' Motion to Consolidate, the Court determines that consolidation of the several cases at issue here is improper. Accordingly, the Court shall deny Respondents' Motion without prejudice.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge