information and determine whether such information is or should be classified and therefore not disclosable.

Plaintiffs' proposal precludes any possibility that counsel will accidentally divulge classified information or unwittingly serve as agents for terrorists because plaintiffs' counsel would not disseminate *any* information received from plaintiffs without first seeking the government's authorization. If that proposal is accepted, there would be no need to monitor attorney-client communications to prevent such unwitting disclosure. At the same time, plaintiffs' proposal allows plaintiffs and their counsel to discuss plaintiffs' claims under the cloak of confidentiality, thus allowing plaintiffs to pursue the claims allowed by law and recognized by the Supreme Court. As Lawrence Fox states:

> That [proposal] would both preserve the confidentiality of attorney-client communications and the government's concern about the passing of sensitive information from the detainees to the outside world. If the government does not accept such a reasonable compromise, its only remaining motive must be to obtain information by turning these lawyers into substitute agents of the government, turncoats masquerading as zealous advocates. That is a role a lawyer simply cannot play.

Fox Decl. ¶ 33.

## IV. The Government Has Proposed Other Conditions that Unnecessarily Infringe on the Right to Counsel and Has Refused Plaintiffs' Reasonable Requests Regarding Access

### A. The Government Has Proposed Other Unnecessary Conditions

In addition to the proposed conditions discussed above, the government has proposed other conditions that would also unreasonably limit plaintiffs' access to counsel. Such additional conditions include the following:

*1.* The government proposes that, after an initial meeting, counsel should be allowed to continue meeting with plaintiffs only after plaintiffs sign an "Acknowledgment of