UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED A.F. AL ODAH, Next Friend of Fawzi Khalid Abdullah Fahad Al Odah, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Respondents. | Civil Action No. 02-828 (CKK) |

**MEMORANDUM OPINION**
(August 13, 2004)

Presently before the Court is Respondents' Motion to Quash Petitioners' Notice of Deposition and Fed. R. Civ. P. 34 Request [50]. This motion was filed on August 6, 2004, and was fully briefed on August 11, 2004. Petitioners in this action, 12 Kuwaitis detained at the United States Naval Base at Guantanamo Bay, Cuba, served the disputed notice of deposition and Rule 34 request for various documents on Respondents on August 2, 2004. Petitioners seek to take the deposition of Brigadier General Martin J. Lucenti, Sr., Deputy Commander at Guantanamo Bay, and seek discovery of eight categories of documents in connection with that deposition. Respondents moved to quash Petitioners' requests, on the ground that discovery in this case is inappropriate at this point in the proceedings. After examining the parties' briefing and the relevant law, the Court will grant Respondents' motion.

**I.     Legal Standard**

In *Harris v. Nelson*, 394 U.S. 286 (1969), the Supreme Court considered the applicability

of the discovery provisions of the Federal Rules of Civil Procedure to petitioners for habeas corpus. Faced with the question of whether interrogatories could be propounded by a state prisoner pursuing a petition for habeas corpus in federal court, the Supreme Court held that the liberal discovery provisions of the Federal Rules of Civil Procedure are not applicable to habeas corpus proceedings. *Id*. at 290, 295-96. The *Harris* Court noted that applying discovery rules to habeas proceedings "would provide prisoners with an instrument of discovery which could be activated on their own initiative, without prior court approval," but that the Federal Rules of Civil Procedure did not operate to furnish prisoners with this "considerable tactical advantage." *Id*. at 297-98.

In 1976, the Supreme Court's holding in *Harris* was codified as Rule 6 of the Rules Governing § 2254 Cases, which states that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting Rule 6(a) of the Rules Governing § 2254 Cases).

The Supreme Court did, however, find that in certain circumstances, when a petitioner has established a prima facie case for relief, the All Writs Act, 28 U.S.C. § 1651, allows a district court to "authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court dispose of the matter as law and justice require." *Harris*, 394 U.S. at 290 (citations omitted). The *Harris* Court held that a district court may institute these discovery-type procedures "[a]t any time in the proceedings . . . either on its own motion or upon

cause shown by the petitioner . . . ." *Id*. at 300.  Although the Supreme Court did not anticipate district courts using these procedures with every habeas corpus petition, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id*.

## II.     Discussion

The Court is presented with the questions of whether Petitioners have complied with the law governing discovery in habeas corpus petitions, and whether the Court should grant Petitioners the right to initiate the discovery process at this stage of the litigation regarding issues relating to attorney access.  The Court finds that Petitioners did not comply with the applicable law, and consequently their propounded discovery requests are improper and should be quashed.  The Court further finds that, even were it to read Petitioners' opposition to Respondents' Motion to Quash as a request for the Court to grant Petitioners leave to make discovery requests, such discovery is both inappropriate and unnecessary at this stage of the instant proceedings.

First, there is little room for debate as to whether Petitioners properly initiated the discovery process in the habeas context.  Clearly they did not do so.  The Supreme Court's holding in *Harris*, and the subsequent Rule 6(a) of the Rules Governing § 2254 Cases, make it clear that Petitioners should have requested leave from the Court before serving their deposition and document requests on Respondents.  Petitioners clearly omitted this crucial step.  The Supreme Court specifically declined to find that habeas petitioners could activate discovery

procedures "on their own initiative, without prior court approval." *Harris*, 394 U.S. at 298.

In their opposition to Respondents' Motion to Quash, Petitioners rely on the Supreme Court's holding in *Harris* that district courts can authorize discovery. *See* Pet'rs Opp. at 3, 4. Petitioners do not, however, address the fact that the law requires them to seek the Court's permission to begin the discovery process. Petitioners cannot simply serve their discovery requests and then use their opposition to request *post hoc* leave to do so from the Court.

Second, even if Petitioners had properly asked the Court for permission to conduct discovery, and if the Court were inclined to consider Petitioners' opposition as a proper request, the Court finds that the discovery sought is inappropriate and/or unnecessary at this stage in the proceedings. Petitioners sought both the deposition of Brigadier General Lucenti and the various documents by August 9, 2004, in order that they might use the information obtained in preparation for the hearing presently scheduled by this Court on August 16, 2004. *See id*. at 2. However, the Court does not find that the additional factual information Petitioners might gather is necessary at this time to its consideration of the issues presently before the Court: whether the Government's proposed procedures surrounding counsel's access to their clients are appropriate.

Furthermore, although the Court is entitled to permit discovery "[a]t any time in the proceedings," *Harris*, 394 U.S. at 300, the Supreme Court considered discovery in habeas actions in the context of factual development to inform the district court's ultimate determination on the merits of the habeas petition, *see id*. at 299-300. The *Harris* Court stated that discovery could be authorized "when the [district] court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly dispose of the matter

as law and justice require . . . ." *Id*. at 300 (citation omitted). This Court is not currently faced with a hearing on the facts relevant to the dispositive issues at the heart of Petitioners' habeas petitions. Rather, the Court is faced with the interlocutory question as to the nature of counsel's access to their clients. If in resolving the issues relating to attorney access, the Court finds that a further factual record is required, the Court can consider whether discovery is appropriate at that time.

Third, Plaintiffs devote one paragraph to their assertion that they have an "absolute right" under 28 U.S.C. § 2246 "to take the deposition of Brigadier General Lucenti and obtain related documents from the government," in light of the fact that the Government included the Brigadier General's affidavit in its Response to Complaint, setting out its proposed procedures for Petitioners' access to their attorneys. Pet'rs Opp. at 8. The statute states that, "[o]n application for a writ of habeas corpus, evidence *may* be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the *right to propound written interrogatories* to the affiants, or to file answering affidavits." 28 U.S.C. § 2246 (emphasis added). Petitioners do not seek to propound written interrogatories to the Brigadier General, but rather to depose him.

Finally, to the extent that Petitioners seek discovery based on their non-habeas claims, the Court finds that Plaintiffs have failed to comply with both the Local Rules for the United States District Court for the District of Columbia and the Federal Rules of Civil Procedure. Local Civil Rule 26.2(a) requires that except "by order or agreement of the parties, a party may not seek discovery from any sources before the parties have conferred as required" by Federal Rule of

Civil Procedure 26(f).[1]  The parties in this action have not yet held a Rule 26(f) conference, *see* Resp'ts Mot. at 5 n.2, and there is clearly neither consent of the parties to engage in discovery nor a court order requiring them to do so.  Accordingly, Petitioners' propounded discovery requests are premature, even with respect to their non-habeas claims.

**III.    Conclusion**

After consideration of the parties' arguments and the applicable law, the Court determines that Petitioners are not presently entitled to depose Brigadier General Lucenti or request documents from the Government.  Accordingly, Respondents' Motion to Quash shall be granted.

```
                                               /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge
```

---

[1] Although the Federal Rule of Civil Procedure provides several exceptions to this rule, among them petitions for habeas corpus, *see* Fed. R. Civ. P. 26(f)(a)(1)(E), none of them is applicable to Petitioners' non-habeas claims.