IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
FAWZI KHALID ABDULLAH FAHAD               )
     AL ODAH, et al.                      )
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )      Civil Action No. 02-CV-0828 (CKK)
                                          )
UNITED STATES OF AMERICA,                 )
     et al.,                              )
                                          )
          Defendants.                     )
                                          )
```

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO COMPEL
ISSUANCE OF SECURITY FORMS AND TO EXPEDITE SECURITY
CLEARANCES FOR TWO SUPPORT PERSONNEL**

Although technically styled as a Motion To Compel Issuance of Security Forms and To Expedite Security Clearances for Two Support Personnel, petitioners' motion primarily functions as their most recent – indeed, nearly weekly – attempt to coerce a ruling on the important and sensitive counsel access issues presently under submission with the Court.  Petitioners' counsel mistakenly argue that, absent immediate resolution of the counsel access issues, they will be unable to visit Guantanamo Bay ("GTMO") in time to interview petitioners and include factual denials from the petitioners in their opposition brief due on October 12, 2004.  See Order Denying As Moot Plaintiffs' Motion to Compel Responsive Pleading (Sept. 27, 2004).  While this argument has no merit standing alone (the opposition brief due on October 12 addressed legal issues and proposed further briefing by the parties on factual issues), it has absolutely no relevance to the question now before the court:  whether petitioners are entitled to security clearance applications for a legal assistant and a secretary.

Petitioners present several arguments in support of their motion, none of which justifies the relief they seek.  First, petitioners contend that if the Court rules in their favor on the counsel access issues and accepts their proposal to treat as classified all information obtained from the detainees, their legal support staff will require classified security clearances in order to perform such tasks as "word processing, storing, organizing, and retrieving the information."[1]  See Petitioners' Motion to Compel, p. 3.  The Court, of course, has not issued a ruling on the legality of the government's counsel access procedures.  Therefore, petitioners' request for additional security applications, which is based entirely on the presumption that the Court will not only rule in their favor but adopt their proposed counsel access procedures wholesale, is premature.  See Texas v. United States, 523 U.S. 296, 301 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Petitioners also contend that "it is important that the security clearance process for support staff get underway immediately so that counsel's visit with the Kuwaiti Detainees would not be delayed if the Court ruled in plaintiffs' favor."  See Petitioners' Motion to Compel, p. 4.  This argument is without merit.  As a threshold matter, petitioners' counsel received security

---

[1] Any such functions with respect to classified information would have to be performed not in petitioners counsel's personal law offices, but in an appropriately approved, secure facility that the government is in the process of developing in the Washington, DC area for the use of petitioners' counsel.  Because petitioners' proffered approach on counsel access would require them to treat all information obtained from detainees as classified, nearly all writings concerning the case would need to be prepared in the secure facility. The practical reality, however, is that it is not likely petitioners' counsel will be able to transform the secure facility into their personal law offices, complete with a full complement of secretaries and legal assistants.  As respondents have previously emphasized, such practical concerns make petitioners' approach on counsel access unworkable.

clearances in August for four able counsel[2] and could have scheduled a visit to GTMO anytime thereafter.  No such visit request has been made.  Under the circumstances, it is obvious that petitioners' counsel made the conscious decision not to visit GTMO until resolution of their challenge to the counsel access procedures.  Accordingly, any choice by counsel not to visit the petitioner-detainees at GTMO rests squarely with petitioners' counsel, and has nothing to do with the number of security clearance forms provided them.

Finally, petitioners incorrectly argue that processing two additional security applications for a secretary and a paralegal does not create a burden for the government.  Petitioners ignore the fact that there are 13 other GTMO habeas cases in addition to present case.  Whatever action is taken to accommodate petitioners' counsel undoubtedly will be sought with respect to all other GTMO cases.  The Department of Justice, Litigation Security Division and Federal Bureau of Investigation are expeditiously processing security clearance applications for habeas counsel and translators who intend to visit GTMO.   Because the infusion of additional applications for collateral staff in all cases could possibly lead to delays in the approval process, counsel for the government want to ensure that all habeas counsel (and interpreters) who intend to visit GTMO receive their clearance before processing additional applications from collateral staff.

In the end, the number of security clearance applications for counsel and collateral staff in each GTMO habeas case can be a subject for discussion following entry of a Protective Order and a decision from the Court on the government's counsel access procedures.  Once the parties have those decisions affecting the handling of classified information in these cases, the parties

---

[2] The following counsel received security clearances in August:  Neil Koslowe, Tom Wilner, Kristine Huskey, and Jared Goldstein.

can discuss the need for additional security clearances on a case-by-case basis.[3]  Prior to that

time, however, any request for additional security clearance applications for secretaries and legal

assistants is premature.

For the reasons stated above, petitioners' Motion to Compel Issuance of Security Forms

and to Expedite Security Clearances for Two Support Personnel should be denied.


Dated:  October 8, 2004                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           KENNETH L. WAINSTEIN
                                           United States Attorney

                                           BRIAN D. BOYLE
                                           Principal Deputy Associate Attorney General

                                           DAVID B. SALMONS
                                           Assistant to the Solicitor General

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel

---

[3]  Of course, one tenet of the government's counsel access procedures is classification review of information by the privilege team so that classified information in the hands of counsel can be identified.  This procedure separates classified information from non-classified information, thereby minimizing the quantity of information subject to the classified information handling procedures.  See, e.g., Exec. Order 12,958; 32 C.F.R. §§ 2001-2003.  Following privilege team review, the quantity of classified information in a particular case could be small enough to obviate the need for numerous secretaries and paralegals with classified security clearances.  In any event, petitioners already have four able counsel with approved security clearances, see supra note 2; thus, whatever the Court's ruling on counsel access matters, there is no basis for the contention that petitioners' counsel "will be stymied in their ability to satisfy" the classification handling procedures absent the assistance of a legal assistant and a secretary.  See Petitioners' Motion to Compel, p. 5.

ROBERT D. OKUN
Chief, Special Proceedings Section

  /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel.:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents