REDACTED

NO.239   P.1

FILED WITH THE
COURT SECURITY OFFICER
CSO: ▮▮▮▮▮▮
DATE: ▮▮▮▮▮▮

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAWZI KHALID ABDULLAH )
FAHAH AL ODAH, et al. )
)
Petitioners, )
)
v. ) Civil. Action No. 02-828
)
UNITED STATES, et al., )
)
Respondents. )
)

~~CLASSIFIED~~ ORDER
(February 12, 2009)

The Court held a closed-session Status Hearing in the above-captioned case on February 11, 2009. For the reasons stated on the record, it is, this 12th day of February, 2009, hereby

**ORDERED** that on February 12, 2009, Petitioners shall file a list of the items ▮▮▮▮▮▮ that were identified in their Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes (whether identified as "high priority" or other specifically identified items) that have not been declassified by the Government; it is further

**ORDERED** that on or before February 18, 2009, Respondents shall submit an Opposition to Petitioners' Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes that contains a legal analysis supporting the Government's decision not to declassify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Petitioners may file a Reply on or before February 25, 2009; it is further

**ORDERED** that Petitioners and Respondents shall confer as to whether Petitioners'

REDACTED

counsel may meet with the decisionmakers at the FBI or Department of Defense who are deciding whether or not to declassify the items of information identified in Petitioners' Motion in an effort to resolve the parties' remaining disputes. On or before February 27, 2009, whether or not such a meeting has occurred, the parties shall file a Joint Status Report listing the items identified in Petitioners' Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes that remain in dispute, and propose a further briefing schedule, if necessary; it is further

**ORDERED** that "exculpatory evidence" is defined as all reasonably available evidence in the Government's possession or any evidence that tends to materially undermine the evidence that the Government intends to rely on in its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the Government's evidence (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of one or more Petitioners, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity); it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1, I.E.1, and I.E.2 of the Case Management Order, as amended, all statements, in whatever form (including audio or video), whether cumulative or not, that have not previously been disclosed, made by Petitioner or the detainees identified as ████████████████

████████████████████████████████████████████████

█████████████████ relating to the statements attributed to them in the Factual Returns.[1] Respondents shall also disclose all exculpatory information that has not previously been disclosed concerning these individuals. If no such documents exist, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

ORDERED that Respondents shall disclose to Petitioners' counsel, pursuant to Section I.E.1 of the Case Management Order, as amended, whether the names of Petitioners or the detainees who are identified in the preceding paragraph appear on a list of Guantanamo detainees whose interviews/interrogations were either videotaped or audiotaped. If the name of any of these individuals appears on that list, Respondents shall either disclose the videotapes or audiotapes to Petitioners' counsel, or if such tapes are unavailable, Respondents shall explain why they are unavailable. If none of the foregoing individuals appear on that list, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

ORDERED that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, the photograph collections or individual photographs referenced in the Factual Returns that were used by interrogators to have detainees identify Petitioners. If the photograph collections or individual photographs are unavailable, Respondents shall so represent to the Court and Petitioners' counsel, in writing, and shall include an explanation as to why they are unavailable; it is further

ORDERED that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, the telephone book allegedly found

---

[1] The term "Factual Return" refers to Respondents' factual narrative *and* the attachments supporting the factual narrative.

3

on Petitioner Al Kandari's person, *provided* the telephone book is in the custody of the United States Government. If the United States Government does not have possession of the telephone book, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1, I.E.1, and I.E.2 of the Case Management Order, as amended, the results of all polygraph and voice stress tests conducted on Petitioner Al Rabiah that are referenced in the Factual Return, to the extent the results of those tests are exculpatory (which includes any inconclusive findings). If the United States Government does not have the results of polygraph or voice stress tests conducted on Petitioner Al Rabiah, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Petitioners shall provide Respondents with all identifying information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ After receiving this information, Respondents shall disclose the report to Petitioners' counsel, *provided* it is exculpatory as alleged by Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended. If the report cannot be located or is not exculpatory, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, the letter allegedly mentioning Petitioner Al Kandari's name that was discussed in the interrogations of ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ and referenced in the Factual Return, *provided* that Respondents intend to rely

4

on the letter or ▮▮▮▮ statements concerning the letter in any future merits briefing or merits hearings. If Respondents do not intend to rely on the letter or ▮▮▮▮ statements concerning the letter, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Section I.E.2 of the Case Management Order, as amended, the information Respondents intend to rely on in any future merits briefing or merits hearing concerning the ▮▮▮▮ which is referenced in the Factual Returns, *provided* that Respondents intend to argue that a relationship with that organization tends to support Petitioners' detentions as enemy combatants. If Respondents do not intend to rely on Petitioners' relationship with that organization to support Petitioners' detentions, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, a copy of the original document referenced in the Factual Returns as being found in the possession of Fahd 'Umr Abd al-Majid al-Sharif, that is entitled "▮▮▮▮" Respondents shall also disclose how long al-Sharif was in custody at the time this letter was obtained from him, as well as when the document was obtained from him, *provided* that such information is reflected in one or more documents already in the possession of the United States Government. If such information is not encompassed within one or more documents already in the possession of the United States Government, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

5

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1, I.E.1, and I.E.2 of the Case Management Order, as amended, the circumstances surrounding Petitioner Al Rabiah's statements made during his interrogations on June 19, 2003, and July 17, 2003, which shall include an explanation of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The Court shall hold-in-abeyance Petitioners' request for depositions of Al Rabiah's interrogators; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, the handwriting exemplars taken from Petitioner Al Rabiah that are referenced in the Factual Return, and any related handwriting expert reports, *provided* such exemplars or reports are exculpatory (which includes inconclusive findings). If the exemplars and/or reports cannot be located or are not exculpatory, Respondents shall so represent to the Court and Petitioners' counsel, in writing; it is further

**ORDERED** that Respondents shall file a Status Report on or before February 18, 2009, which shall set forth the dates by which Respondents anticipate being able to (1) ascertain the existence of, (2) collect, and (3) disclose the discovery items identified above; it is further

**ORDERED** that Petitioners' Motion for Additional Discovery is GRANTED-IN-PART as to the discovery items identified above, HELD-IN-ABEYANCE as to Petitioners' request for depositions of Al Rabiah's interrogators, and DENIED-IN-PART as to the remainder of the motion; and it is further

**ORDERED** that Respondents have a continuing obligation to produce exculpatory information to Petitioners' counsel, regardless of whether the Court has denied Petitioners' Motion for Additional Discovery as to any particular item or items; it is further

**ORDERED** that Respondents shall produce on or before February 18, 2009, the exculpatory information that was ordered to have been disclosed to Petitioners' counsel on or before January 30, 2009, *and* file a notice of compliance with the Court, *or* file a Motion for an Extension of Time that proposes a date for such compliance. Respondents would be well-advised to review the portion of Court's January 7, 2009 Scheduling Order relating to motions for extensions prior to filing such a motion; it is further

**ORDERED** that Petitioners shall provide Respondents with a copy of the document that was obtained from an electronic system called "SIPRNet" that was discussed on the record. Within ten days after receiving that document, Respondents shall provide the Court with an explanation as to why that document was not located in the Government's search for exculpatory documents in this case, and whether potentially exculpatory documents are likely to be found by searching that system; it is further

**ORDERED** that, for the reasons stated on the record, Respondents shall assign new counsel to this case. As in all cases, the credibility of Government counsel and the reliability of their representations as officers of the Court are essential. The Court previously ordered Respondents' counsel to produce an Opposition to Petitioners' Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes in *three* separate orders, and not only has Respondents' counsel failed to produce an Opposition to date, he has provided *no* explanation for his non-compliance with the Court's Orders. *See* Min. Order dated Jan. 26, 2009; [453] Order at 1-5 (Jan. 30, 2009). Respondents' counsel has repeatedly flouted the deadlines set by this Court and failed to comply with its Scheduling Order. The Court has lost confidence in Respondents' current counsel, and the Court does not view his representations as

credible. If this Judge cannot rely on him to comply with the Court's orders, then this Judge cannot rely on any of his representations. As this Order reflects, representations will need to be made as to searches for documents and evidence that the Court has ordered. This Judge has no confidence that Respondents' current counsel will fully comply with those orders; it is further

ORDERED that Petitioners are granted leave to file a motion related to military defense counsel and the classified returns for Petitioners Al Rabiah and Al Kandari, *provided* that Petitioners' attempts to resolve this issue with Respondents prior to seeking Court intervention remain unsuccessful.

SO ORDERED.

Date: February 12, 2009

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

8