**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE:**<br><br>**GUANTANAMO BAY DETAINEE LITIGATION** | **Misc. No. 08-mc-0442 (TFH)**<br><br>**Civil Action Nos.**<br><br>02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254, 04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023, 05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, 05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877, 05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994, 05-cv-0999, 05-cv-1048, 05-cv-1124, 05-cv-1189, 05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, 05-cv-1457, 05-cv-1487, 05-cv-1490, 05-cv-1497, 05-cv-1504, 05-cv-1506, 05-cv-1555, 05-cv-1592, 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, 05-cv-1646, 05-cv-1678, 05-cv-1971, 05-cv-1983, 05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386, 05-cv-2387, 05-cv-2479, 06-cv-1668, 06-cv-1684, 06-cv-1690, 06-cv-1758, 06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1101, 08-cv-1153, 08-cv-1207, 08-cv-1221, 08-cv-1224, 08-cv-1228, 08-cv-1230, 08-cv-1232, 08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238, 08-cv-1360, 08-cv-1440, 08-cv-1789, 08-cv-1805, 08-cv-1828, 08-cv-1923, 08-cv-2019, 08-cv-2083 |

**MEMORANDUM OPINION**

On December 17, 2008, the Court ordered the parties in the above-captioned cases to confer and "submit a joint filing that identifies petitions that may, based on the similarity of the factual issues involved, be consolidated for merits proceedings." (Docket No. 1323, 08-mc-0442). Pursuant to that order, the Court received five such joint filings on January 5, 2009. (Docket Nos. 1463, 1464, 1465, 1466, 1468, 08-mc-0442). The filings identified fifty-two petitions for consolidation into five distinct groups. After a careful review of each joint filing, the Court has determined that consolidating these petitions at this time would not

improve the efficiency of the habeas corpus proceedings.  Accordingly, the Court declines to consolidate any of the fifty-two petitions.

Although consolidation is not appropriate at this time, the Court recommends reassigning some of these petitions into three groups.  The Court believes that the joint filings identified three groups of related petitions.  *See* Docket Nos. 1464, 1465, 1468, 08-mc-442.  The petitions within these three groups, fifteen petitions in all, appear to "involve common issues of fact" and therefore are "related" under Local Civil Rule 40.5(a)(3).  In light of the factual similarities of the petitions in each group, pursuant to Local Civil Rule 40.5, the Court recommends that the Calendar and Case Management Committee reassign these fifteen petitions into the following three groups:

## Group 1
(Docket No. 1464, 08-mc-0442)

|   | **Petitioner** | **Case No.** | **Judge** |
|---|---|---|---|
| 1 | ISN 004 | 05-cv-2367 | Roberts |
| 2 | ISN 006 | 08-cv-1828 | Urbina |
| 3 | ISN 832 | 05-cv-2367 | Roberts |
| 4 | ISN 1103 | 05-cv-2367 | Roberts |
| 5 | ISN 1104 | 05-cv-2367 | Roberts |

According to Respondents, the petitioners in Group 1 "were high ranking officials in the Taliban government," and most of them "worked together in the Taliban's Ministry of Intelligence."  1/5/09 Joint Filing, Docket No. 1464, at 2.[1]  These petitions appear to "involve common issues of fact."  LCvR 40.5(a)(3).  Accordingly, pursuant to Local Civil Rule 40.5, the Court recommends that the petitions in this group be transferred to the Calendar and Case

---

[1] Petitioners dispute that "all five of these detainees served as high-ranking Taliban government officials." 1/5/09 Joint Filing, Docket No. 1464, at 6-7.

Management Committee for reassignment. Specifically, the Court recommends that these five petitions be reassigned to a single Merits Judge.

## Group 2
(Docket No. 1465, 08-mc-0442)

|   | Petitioner | Case No. | Judge |
|---|---|---|---|
| 1 | ISN 326 | 05-cv-2386 | Walton |
| 2 | ISN 327 | 05-cv-0892 | Kollar-Kotelly |
| 3 | ISN 329 | 05-cv-1490 | Friedman |
| 4 | ISN 330 | 05-cv-2386 | Walton |

According to Respondents, the petitioners in Group 2: (i) travelled from the same country to the same city in a second country; (ii) studied with the same teacher; (iii) stayed in the same house in the second country; (iv) left the house together and travelled together in the second country; (v) attempted to leave the second country together; and (vi) were captured together. 1/5/09 Joint Filing, Docket No. 1465, at 2. The detention of these petitioners appears to "grow out of the same event." LCvR 40.5(a)(3). Their petitions appear to "involve common issues of fact." *Id.* Accordingly, pursuant to Local Civil Rule 40.5, the Court recommends that the petitions in this group be transferred to the Calendar and Case Management Committee for reassignment. Specifically, the Court recommends that these four petitions be reassigned to a single Merits Judge.

## Group 3
(Docket No. 1468, 08-mc-0442)

|   | Petitioner | Case No. | Judge |
|---|---|---|---|
| 1 | ISN 836 | 06-cv-1765 | Kennedy |
| 2 | ISN 837 | 04-cv-1194 | Kennedy |
| 3 | ISN 838 | 08-cv-1238 | Roberts |

| 4 | ISN 839 | 04-cv-1194 | Kennedy |
| 5 | ISN 840 | 05-cv-2186 | Huvelle |
| 6 | ISN 841 | 05-cv-0023 | Roberts |

According to Respondents, the petitioners in Group 3: (i) are citizens of the same country; (ii) travelled to a second country in 2000 and 2001; (iii) stayed at similar safehouses while in the second country; (iv) travelled to train at the same military camps; (v) fought coalition forces; (vi) fled to the same city in a third country; and (vii) stayed in the same safehouses in the third country.  1/5/09 Joint Filing, Docket No. 1468, at 2.  Additionally, Respondents allege that most of the petitioners were captured on the same day during a raid of these safehouses.  *Id.*  The detention of these petitioners appears to "grow out of the same event."  LCvR 40.5(a)(3).  Their petitions appear to "involve common issues of fact."  *Id.*  Accordingly, pursuant to Local Civil Rule 40.5, the Court recommends that the petitions in this group be transferred to the Calendar and Case Management Committee for reassignment.  Specifically, the Court recommends that these six petitions be reassigned to a single Merits Judge.

While consolidating the petitions in these three groups is not appropriate at this time, the Court believes that reassigning each group of "related" petitions to a single Merits Judge would conserve judicial resources and promote efficiency.  If the Calendar and Case Management Committee decides to reassign these petitions, the presiding Merits Judge can reexamine the merits of consolidation.

February 27, 2009                                                         /s/
                                                                  Thomas F. Hogan
                                                             United States District Judge