# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KHALED A.F. AL ODAH, *et al.*,

    Petitioners,

    v.

BARACK H. OBAMA, President of the
United States, *et al*.,

    Respondents.

Civil Action No. 02-828 (CKK)

### ORDER SETTING DEADLINES FOR DISCLOSURE OF ADDITIONAL
### DISCOVERY AND REQUIRING SUBMISSION OF A STATUS REPORT
(March 11, 2009)

On February 12, 2009, the Court issued an Order granting-in-part, denying-in-part, and

holding-in-abeyance-in-part Petitioners' Motion for Additional Discovery, which required

Respondents to file a Status Report indicating "the dates by which Respondents anticipate being

able to (1) ascertain the existence of, (2) collect, and (3) disclose the discovery items identified

[in the February 12, 2009 Order]."  Respondents submitted a Status Report on February 18, 2009,

and two Supplemental Status Reports dated February 27, 2009, and March 5, 2009, respectively.

On March 6, 2009, in response to an inquiry by the Court, Petitioners indicated that they had no

objection to the disclosure deadlines proposed by Respondents in their February 18, 2009 Status

Report.

Having considered Respondents' Status Reports and Petitioners' non-opposition to the

deadlines proposed therein, the Court shall now set the deadlines by which Defendants shall

disclose the additional discovery identified in the Court's February 12, 2009 Order.[1]  Yet again,

however, Respondents have failed to comply fully with the Orders of this Court, this time by

submitting Status Reports that (1) appear to artificially limit one area of discovery, (2) provide an

incomprehensible explanation as to a second area, and (3) omit any reference to a third.

Accordingly, the Court shall also identify these three deficiencies and shall require Respondents

to submit a Status Report to the Court no later than March 13, 2009, regarding the same.

Accordingly, it is, this 11th day of March, 2009, hereby

**ORDERED** that Respondents shall disclose to Petitioners' counsel "all statements, in

whatever form (including audio or video), whether cumulative or not, that have not previously

been disclosed, made by Petitioner or [other identified individuals] relating to the statements

attributed to them in the Factual Returns [and] all exculpatory information that has not previously

been disclosed concerning these individuals," no later than April 20, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the photograph

collections or individual photographs referenced in the Factual Returns that were used by

interrogators to have detainees identify Petitioners" no later than April 6, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the telephone book

allegedly found on Petitioner Al Kandari's person, *provided* the telephone book is in the custody

of the United States Government," no later than April 20, 2009; it is further

---

[1] The Court issued two versions of its February 12, 2009 Order – a classified version provided to counsel and an unclassified version posted on the public docket.  For purposes of this Order, the Court relies on, and quotes from, only the unclassified version.  The Court also notes that its quotations from the February 12, 2009 Order are meant to identify areas of discovery and *not* to limit or otherwise modify any area of discovery that was ordered in its February 12, 2009 Order.

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the results of all polygraph and voice stress tests conducted on Petitioner Al Rabiah that are referenced in the Factual Return, to the extent the results of those tests are exculpatory (which includes any inconclusive findings)," no later than April 6, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the letter allegedly mentioning Petitioner Al Kandari's name . . . and referenced in the Factual Return," no later than April 6, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "a copy of the original document referenced in the Factual Returns as being found in the possession of Fahd 'Umr Abd al-Majid al-Sharif . . . [and] shall also disclose how long al-Sharif was in custody at the time this letter was obtained from him, as well as when the document was obtained from him, *provided* that such information is reflected in one or more documents already in the possession of the United States Government," no later than April 6, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the circumstances surrounding Petitioner Al Rabiah's statements made during his interrogations on June 19, 2003, and July 17, 2003," no later than April 6, 2009; it is further

**ORDERED** that Respondents shall disclose to Petitioners' counsel "the handwriting exemplars taken from Petitioner Al Rabiah . . . and any related handwriting expert reports, *provided* such exemplars or reports are exculpatory (which includes inconclusive findings)," no later than April 20, 2009; it is further

**ORDERED** that Respondents need not disclose to Petitioners' counsel information concerning the organization referenced on page 5 of the Court's February 12, 2009 Order, based

3

on Respondents' representation to the Court that Respondents do not intend "to argue that a relationship with that organization tends to support Petitioners' detentions as enemy combatants;" it is further

**ORDERED** that Respondents shall file a Supplemental Status Report with the Court, no later than March 13, 2009, regarding the following discovery ordered by the Court: "all exculpatory information that has not previously been disclosed concerning [the 17] individuals [identified in the Court's February 12, 2009 Order]."  Respondents' February 18, 2009 Status Report did not reference their obligation to disclose this information despite referencing related parts of the Court's February 12, 2009 Order.  Respondents shall either represent that such information has already been disclosed or confirm that it shall be disclosed no later than April 20, 2009; it is further

**ORDERED** that Respondents shall file a Supplemental Status Report with the Court, no later than March 13, 2009, regarding the following discovery ordered by the Court:  "If the name of any of these individuals appears on the [list of Guantanamo detainees whose interview/interrogations were videotaped/audiotaped], Respondents shall disclose the videotapes or audiotapes to Petitioners' counsel, or if such tapes are unavailable, Respondents shall explain why they are unavailable."  Respondents' February 27, 2009 Supplemental Status Report not only appears to place conditions on this additional discovery that are nowhere to be found in the Court's February 12, 2009 Order, but it also includes an incomprehensible explanation as to its compliance with the order to disclose this additional discovery; it is further

**ORDERED** that Respondents shall file a Supplemental Status Report with the Court, no later than March 13, 2009, regarding the following discovery ordered by the Court: "Petitioners

4

shall provide Respondents with all identifying information [concerning a report].  After receiving

this information, Respondents shall disclose the report to Petitioners' counsel, *provided* it is

exculpatory as alleged by Petitioners' counsel . . . If the report cannot be located or is not

exculpatory, Respondents shall so represent to the Court and Petitioners' counsel, in writing."

The Court previously ordered Respondents to file a Status Report with the Court no later than

February 18, 2009, indicating "the dates by which Respondents anticipate being able to (1)

ascertain the existence of, (2) collect, and (3) disclose the discovery items identified [in the

February 12, 2009 Order]."  Nevertheless, Respondents are silent as to this area of discovery in

their February 18, 2009 Status Report or any of the Supplemental Status Reports submitted

thereafter; and it is further

      **ORDERED** that, on or before March 20, 2009, Petitioners may (but are not required to)

file a Response to the Status Report that Respondents have been ordered to submit on or before

March 13, 2009, if Petitioners deem it appropriate.

      **SO ORDERED.**

Date: March 11, 2009

                                           /s/
                                          **COLLEEN KOLLAR-KOTELLY**
                                          United States District Judge