# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KHALED A.F. AL ODAH, *et al.*,

    Petitioners,

    v.

UNITED STATES, *et al.*,

    Respondents.

Civil Action No. 02-828 (CKK)

## ORDER DENYING PETITIONERS' MOTION TO ALLOW MILITARY DEFENSE COUNSEL ACCESS TO CLASSIFIED INFORMATION
(April 3, 2009)

On September 11, 2008, Judge Thomas F. Hogan entered a Protective Order in this and other cases establishing "procedures that must be followed by petitioners and their respective counsel . . . who, in connection with these matters, receive access to classified national security information or documents or other protected information . . . ."  Protective Order § I.A.1 (Sept. 11, 2008).  Of central significance to the present motion, the Protective Order defines "petitioners' counsel" to include:

> attorneys employed or retained by or on behalf of a petitioner for purposes of representing the petitioner in habeas corpus or other litigation in federal court in the United States, as well as co-counsel, interpreters/translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

*Id.* § I.B.11.

In October 2008, two of the four Petitioners in this case were charged with violations of the laws of war pursuant to the Military Commissions Act, 10 U.S.C. § 948a - 950w.  Military defense counsel were appointed to represent Petitioners in connection with their military

commission proceedings.  Counsel for Petitioners in this case have filed the instant motion

seeking an Order allowing military defense counsel to access the classified materials in this case

"so that they can better confer with counsel for Petitioners concerning matters touching upon

both the habeas corpus cases and the military commission cases."  Pet'rs' Mot. at 2.  Military

defense counsel have not entered an appearance in this case, however, purportedly on the basis

that unspecified service regulations prohibit them from doing so:

> Military Defense Counsel appear to be prohibited by service regulations from
> entering an appearance in a federal case against the United States except when
> authorized by the Judge Advocate Generals of their respective services.

*Id.* at 3.  In Opposition to Petitioners' Motion, Respondents argue that it is inappropriate for

military defense counsel to access the classified information in this case because they have not

entered their appearances, and they are therefore not "petitioners' counsel" as that phrase is

defined in the Protective Order.  In addition, Respondents also argue that these military defense

counsel are not subject to the same level of Court oversight as if they had entered an appearance

in this case.

Based on the parties' arguments, Petitioners' Motion requires the Court to resolve two

issues:  (1) whether military defense counsel who have not entered appearances in this case are

"petitioners' counsel" as defined by the Protective Order, and if they are not, (2) whether the

Court should exercise its discretion to amend the Protective Order to allow the military defense

counsel to access the classified information in this case.[1]

With respect to the first question, the Court agrees with Respondents that military defense

---

[1] "The procedures set forth in the Protective Order . . . may be modified by further order
of the Court upon its own motion or upon application by any party."  Protective Order § I.A.2.

counsel who have not entered appearances in this case are not "petitioners' counsel" as defined

by the Protective Order.  As set forth above, "petitioners' counsel" includes "attorneys employed

or retained by or on behalf of a petitioner for purposes of representing the petitioner in *habeas*

*corpus or other litigation in federal court in the United States*."  Protective Order § I.B.11

(emphasis added).  There is no dispute that the military defense counsel have been appointed to

represent Petitioners in the military commission proceedings and not in this habeas case.

Although Petitioners half-heartedly suggest that the phrase "other litigation in federal court in the

United States" might encompass the military commission proceedings apparently located in

Arlington, Virginia, *see* Pet'rs' Reply at 2, the Court finds no indication in the Protective Order

that this reference was meant to include military commission proceedings – particularly given the

other provisions of the Protective Order that separately reference military commission

proceedings.  *See, e.g.*, Protective Order § II.A.2 (explaining that the procedures governing

access to detainees at Guantanamo Bay "do not apply to counsel who are retained solely to assist

in a detainee's defense in a trial by military commission").[2]

Several other passages included in the Protective Order similarly suggest that military

defense counsel who have not entered appearances in this habeas case are not "petitioners'

counsel."  For example, the Protective Order emphasizes that its procedures were established for

these habeas proceedings:

_____

[2] Petitioners also point out that they have an appellate right associated with the military
commission proceedings in the United States Court of Appeals for the District of Columbia
Circuit.  As Petitioners' military commission proceedings have not yet commenced (and may
never commence because such proceedings have been stayed by Executive Order), the Court
finds that a putative appeal is insufficient to convert military commission proceedings into "other
litigation in federal court in the United States."

> [t]his Protective Order establishes procedures that must be followed by petitioners
> and their respective counsel . . . in *these matters* . . . and all other individuals who,
> in connection with *these matters*, receive access to classified national security
> information or documents or other protected information.

Protective Order § I.A.1.  The definition of "protected information" in the Protective Order also

implies that military defense counsel are not Petitioners' counsel, as it provides that such

information "shall be used only for purposes directly related to *these cases and not for any other*

*litigation or proceeding* . . . ."  *Id.* § I.E.42.  Additionally, Section II of the Protective Order,

which governs the procedures for counsels' access to the detainees at Guantanamo Bay, expressly

excludes military defense counsel:

> [t]hese Procedures do not apply to counsel who are retained solely to assist in a
> detainee's defense in a trial by military commission.  Access by that counsel is
> covered by the Procedures for Monitoring Communications Between Detainees
> Subject to Trial by Military Commission and their Defense Counsel Pursuant to
> Military Commission Order No. 3.

Protective Order § II.A.2.[3]

Based on these provisions, the Court finds that the military defense counsel who have not

entered their appearances in this case are not "Petitioners' counsel" as defined by the Protective

Order.  The Court therefore turns to the second issue presented by Petitioners' Motion – whether

the Court should amend the Protective Order.  *See* Pet'rs' Reply at 3 ("[e]ven if Petitioners were

wrong in their interpretation of the Protective Order, this Court is obviously free to modify the

Protective Order as it sees fit").

On this record, the Court declines to exercise its discretion to modify the Protective

---

[3] Petitioners argue that the provisions in Section II "do[] not have any bearing on
[Section] I" of the Protective Order, Pet'rs' Reply at 1-2, but the Court finds no reason why the
meaning of various provisions in one section cannot be used to determine the meaning of
provisions located in a different section.

Order.  Petitioners' argument hinges on the following passage:

> Military Defense Counsel appear to be prohibited by service regulations from entering an appearance in a federal case against the United States except when authorized by the Judge Advocate Generals of their respective services.

Pet'rs' Mot. at 3.  Conspicuously absent from Petitioners' argument is the identification of the purported service regulations that prevent military defense counsel from entering an appearance in this case.  Similarly absent is an explanation as to why military defense counsel have not sought the authorization of the Judge Advocate General to enter an appearance in this case and, even more disconcerting, why such permission was denied if sought.  Also unexplained is how at least one military defense counsel was able to enter an appearance in a habeas case involving a different petitioner.  *See O.K. v. Bush*, 04-1136, Notice of Appearance at 1 (Oct. 29, 2008) ("Please enter the appearance of Lt. Cmdr. William Kuebler as counsel in this case for petitioner O.K.  Lt. Cmdr. Kuebler is employed by the United States in the Office of Military Commissions, Office of Chief Defense Counsel and is assigned to represent petitioner O.K.").

Finally, despite Petitioners' protestations to the contrary, the Court finds that its oversight authority over military commission counsel is potentially more limited if they are not before the Court.  Petitioners are correct that "[t]his Court has undeniable authority to enforce its orders," but such authority depends, quite obviously, on the language of a specific order.  In the absence of such an order, the Court is unable to rely on its explicit and inherent authority to maintain control over the attorneys who appear before it.  Given that the Protective Order is designed, in part, to safeguard classified information, the Court is unpersuaded on this record that it should modify the terms of the Protective Order in such a way that would potentially weaken those safeguards.

Accordingly, it is, this 3rd day of April, 2009, hereby

**ORDERED** that Petitioners' [488] Motion to Allow Military Defense Counsel to Access

Classified Information is DENIED.

      **SO ORDERED.**

Date: April 3, 2009

                                  /s/ _____
                                  **COLLEEN KOLLAR-KOTELLY**
                                  United States District Judge