**REDACTED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FAWZI KHALID ABDULLAH FAHAH AL ODAH, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Respondents. | Civil. Action No. 02-828 |

**ORDER DENYING PETITIONERS' MOTION FOR PRODUCTION OF COMPLETE DECLASSIFIED FACTUAL RETURNS OR ADEQUATE SUBSTITUTES**
(April 2, 2009)

Pursuant to the Case Management Order adopted in the above-captioned case, Respondents produced "unclassified" factual returns to Petitioners on December 12, 2008. *See* Order at 2 (Nov. 6, 2008). Although Petitioners' counsel was able to share the contents of these unclassified factual returns with Petitioners themselves, much of the unclassified returns were redacted. Accordingly, Petitioners filed the instant Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes on January 9, 2009, seeking to have Respondents declassify all of the returns or provide adequate substitutes for any redacted portions so Petitioners' counsel could discuss all allegations in the factual returns with Petitioners themselves.

In compliance with the Court's January 7, 2009 Scheduling Order in this case, Petitioners' Motion "specifically identif[ied] the portions of the unclassified factual returns and/or attachments thereto that they [sought] to have declassified." Scheduling Order at 2 (Jan.

**REDACTED**

7, 2009). The Court's Scheduling Order required Respondents to file an Opposition to this Motion no later than January 23, 2009, which was to "include the declassified return[s] and relevant attachments as an exhibit, and [] provide a justification for each item that was identified in Petitioners' Motion that Respondents have determined not to declassify." *Id.*

Although Respondents decided not to declassify the factual returns in their entirety or provide adequate substitutes as sought by Petitioners' Motion, Respondents failed to file an Opposition or the declassified factual returns in compliance with the Court's January 7, 2009 Order. Several additional Orders issued by the Court thereafter failed to result in Respondents' compliance. *See* Min. Order dated Jan. 26, 2009; Order at 1-5 (Jan. 30, 2009). Accordingly, at the time of the Court's Status Hearing in this case on February 11, 2009, Respondents still had not filed their Opposition and had failed to provide a reason for their non-compliance. By Order dated February 12, 2009, the Court removed Respondents' counsel from these proceedings based on his repeated violation of the Court's Orders, and bifurcated the briefing associated with Petitioners' Motion in an effort to expedite its resolution.[1] Order at 1-2 (Feb. 12, 2009).

Pursuant to the Court's Order, the parties separately briefed Respondents' decision not to declassify (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (2) certain documents associated with other agencies. With respect the first category of documents, Petitioners filed a notice with the Court on February 12, 2009, identifying which documents subject to their motion were

---

[1] The Court also ordered the parties to confer as to whether Petitioners' counsel could meet with the decisionmakers at the FBI or the Department of Defense who were responsible for deciding whether or not to declassify the items of information identified in Petitioners' Motion. The parties' efforts in this regard were unsuccessful and the parties proceeded to brief their remaining classification disputes, although the Court notes that the parties were able to narrow the scope of those disputes.



███████████████████████████████████████

███████████████████████████████ and Petitioners filed a Reply on February 25, 2009. With respect to the second category of documents, Respondents filed an Opposition supporting its determination not to declassify seven documents associated with other agencies on March 13, 2009, and Petitioners filed a Reply on March 19, 2009. In total, Petitioners' Motion implicates ██████████████████████ and portions of 7 documents associated with other agencies (hereinafter, "the Documents"), which the Executive has decided not to declassify.

## DISCUSSION

Although Petitioners' Motion is titled "Production of Complete Declassified Factual Returns or Adequate Substitutes," the motion has actually transformed into something quite different. Initially, Petitioners argued that they could not adequately prepare a defense in these proceedings without declassified factual returns:

> [t]he redacted returns provide no notice of most of the principal allegations, and no way for the Petitioners to rebut them. Petitioners' counsel have not yet had the opportunity even to discuss the redacted material with Petitioners or to question any potential witnesses about redacted allegations and supporting documents.

Pet'rs' Mot. at 3. Petitioners' legal analysis focused on the right to receive meaningful judicial review. *Id.* at 4 (citing *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008); *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004)). Respondents produced declassified factual returns on February 6, 2009, and filed Oppositions arguing that the Executive had the legal authority to decide not to declassify the Documents. *See* Resp'ts' Feb. 18, 2009 Opp'n at 3-14; Resp'ts' Mar. 13, 2009 Opp'n at 2-12. Respondents' legal analysis focused on whether the Executive had properly exercised its authority classify these documents. *Id.*



Petitioners' focus shifted in their Replies. Having received declassified factual returns that drastically limited the number of documents that remained in dispute, Petitioners clarified that they did not continue to dispute Respondents' exercise of their classification authority with respect to the Documents, but that they wanted the Court to exclude from consideration any evidence that had not been declassified by Respondents:

> The government's basic legal position is that the Court does not have the power to order it to declassify information that it deems to be classified. Petitioners do not necessarily dispute that a decision to classify government information belongs to the Executive branch. However, the Executive cannot be allowed to use its classification authority to deprive Petitioners of their constitutional right to challenge the government's basis for their detentions in a habeas corpus hearing. *If the government wants to keep information classified, it may do so, but it cannot rely in these habeas corpus cases on any allegation or evidence that the Petitioners do not have a meaningful opportunity to rebut.*

Pet'rs' Feb. 25, 2009 Reply at 1-2 (emphasis added). *See also* Pet'rs' Mar. 19, 2009 Reply at 1 (clarifying that Petitioners do "not necessarily dispute the government's principal proposition that a decision to classify government information belongs to the Executive branch . . . However, the government should not be allowed to rely upon evidence and allegations that Petitioners have not had a meaningful opportunity to rebut.").

Based on the parties' briefing, there appears to be no remaining disputes as to Respondents' decision not to declassify the Documents and their related decision not to provide adequate substitutes for the same, but rather only a putative dispute as to whether the Documents should be excluded from future merits proceedings (an issue Respondents have not yet fully briefed in context). Accordingly, Petitioners' Motion–which was initially filed to obtain the declassification of meaningful factual returns–has now become akin to a Motion *in Limine*

4

seeking the exclusion of certain evidence.[2]

After thoroughly considering the parties' submissions, the Court finds nothing in the record to suggest that Respondents have improperly classified the Documents. As Respondents' correctly argue, the Executive has "authority to classify and control access to information bearing on national security," *Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988), and the Supreme Court has explained that "'[f]or reasons . . . too obvious to call for enlarged discussion,' the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it"), *id.* (quoting *CIA v. Sims*, 471 U.S. 159, 170 (1985) (internal citation omitted)). This classification authority has been repeatedly recognized in this Circuit. *See, e.g.*, *Fitzgibbon v. Central Intelligence Agency*, 911 F.2d 755, 762 (D.C. Cir. 1990) ("[t]he Supreme Court has unequivocally held that the Director of the Central Intelligence may protect all intelligence sources, regardless of their provenance"). Respondents have submitted two Oppositions and two *ex parte, in camera* declarations that comprehensively identify all of the Documents and include an explanation justifying the Executive's exercise of its discretion to classify them.[3] Taking into

---

[2] The Court recognizes that Petitioners referenced the exclusion of evidence in their Motion as an alternative remedy available to the Court (the other remedy was that Respondents be required to produce completely declassified factual returns). *See* Pet'rs' Mot. at 6. This argument was presented as a remedy and not as a principal argument, however, and it lacked the necessary legal and factual analysis discussed by the Court below.

[3] Although Petitioners object to Respondents' submission of *ex parte* information, *see* Pet'rs' Feb. 25, 2009 Reply, "the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function." *Jifry v. Fed. Aviation Admin.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004). Petitioners argue that the precedents allowing courts to examine *ex parte* information have not involved "a constitutional right to rebut the government's factual assertions justifying detention." Pet'rs' Reply at 4. While that may be correct, the proceedings involving detainees such as Petitioners are unprecedented, and courts as well as parties must

5

account Respondents' explanations, the above-cited legal authorities, and the lack of any argument by Petitioners suggesting that Respondents have improperly classified the Documents, the Court shall deny Petitioners' Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes.

The remaining question is whether Respondents should be permitted to rely on these classified documents to justify the detention of Petitioners in any future merits proceedings. The Court declines to decide this issue in the context of a Motion to Declassify Factual Returns rather than a Motion *in Limine* brought at a more appropriate time and in a more appropriate context. The parties' have not fully briefed the legal arguments associated with the exclusion of evidence because Respondents, focusing on the arguments in Petitioners' Motion, briefed issues related to the Executive's authority to classify the Documents and not whether the evidence derived from the Documents could appropriately be used in a future merits proceeding.

Exclusion of evidence on the basis that it has been shared with Petitioners's counsel but not Petitioners is a complicated, serious, and fact-intensive determination that deserves full consideration by the parties and the Court. As the Supreme Court discussed in *Hamdi*, there is a "tension" that exists between providing all of the rights that could potentially be afforded a detainee with "weighty and sensitive governmental interests in ensuring that those who have in fact fought with the enemy during a war do not return to battle against the United States." 542

---

apply the most apposite precedents to these cases. *See, e.g.*, *Hamdi v. Rumsfeld*, 542 U.S. 507, 524 (2004) ("*Quirin* was a unanimous opinion. It both postdates and clarified *Milligan*, providing [the court] with the most apposite precedent that we have on the question of whether citizens may be detained in such circumstances. Brushing aside such precedent . . . is unjustified and unwise."). Accordingly, the Court has considered the *ex parte*, *in camera* declarations supplying Respondents' reasons for classifying certain of the Documents.

REDACTED

U.S. 507, 532 (2004). The Court finds that this inquiry must not only balance these and other competing interests, but also involve an assessment of the significance of the evidence in the context of the parties' merits arguments, and a determination as to whether Petitioners' counsel could seek to rebut the allegations levied against Petitioners based on evidence otherwise available. The Court finds that it cannot balance these multiple factual and legal considerations on the record as it presently exists. Accordingly, the Court shall grant Petitioners leave to file a Motion *in Limine* in accordance with a schedule to be set by the Court in the context of further proceedings.

Accordingly, it is, this 2nd day of April, 2008, hereby

**ORDERED** that Petitioners' [436] Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes is DENIED; it is further

**ORDERED** that Petitioners are granted leave to file a Motion *in Limine* to exclude evidence derived from the Documents at issue in Petitioners' Motion for Production of Complete Declassified Factual Returns or Adequate Substitutes.

**SO ORDERED**.

Date: April 2, 2009

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

REDACTED