# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAWZI KHALED A.F. AL ODAH, *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>UNITED STATES,<br><br>    Respondents. | Civil Action No. 02-828 (CKK) |

### ORDER SUPPLEMENTING THE COURT'S
### JANUARY 7, 2009 SCHEDULING ORDER
(April 7, 2009)

The parties have filed a Joint Status Report indicating their agreement that merits hearings are appropriate for each of the four Petitioners in the above-captioned case. As a supplement to its January 7, 2009 Scheduling Order, the Court sets forth herein additional deadlines in anticipation of further proceedings.

Accordingly, it is, this 7th day of April, 2009, hereby **ORDERED** as follows:

**1) Motions.** On or before April 10, 2009, the parties shall submit a Joint Status Report that includes a proposed briefing schedule for the following items:

- Motions *in Limine*, which concern evidentiary issues in connection with Petitioners' merits hearings, which would include motions to exclude specific types of evidence (including dates for oppositions and replies); and

- Legal Motions, which concern non-evidentiary issues, such as the "presumption in favor of the Government's evidence" or "hearsay," as contemplated in Section II of the Case Management Order, as amended (including dates for oppositions and replies).

**2) Stipulations.**  The parties' April 10, 2009 Joint Status Report shall include a proposed date by which the parties shall notify the Court as to whether they have reached any stipulations in connection with Petitioners' merits hearings, and to the extent no stipulations have been reached, the date by which the parties shall so inform the Court.

**3) Standard for Determining Legality of Detention.**  The parties shall confer regarding the proper standard for determining the legality of Petitioners' detention.  The Court is aware that Respondents filed a memorandum on March 13, 2009, refining its position with respect to its authority to detain those persons who are now being held at Guantanamo Bay.  The Court is also aware that Petitioners have suggested a different standard in their consolidated traverses, but that their traverses subsequently appear to apply the Government's standard for detention.[1]  To the extent the parties are proposing that the Court apply different standards for the legality of Petitioners' detention, the parties shall include a proposed briefing schedule on this issue in their April 10, 2009 Joint Status Report.

**4) Redacted Information in Classified Factual Returns.**  Following a preliminary review of Petitioners' Traverses, it appears that certain information in the exhibits attached to the classified factual returns has been redacted and made unavailable to the Court and to Petitioners' counsel, even though certain of Petitioners' arguments appear to directly implicate the

---

[1] The Court is unclear as to whether Petitioners are accepting the Government's standard for "present purposes only," and if so, what implications are associated with that position.  For example–as a hypothetical and not expressing any view as to the merits of Petitioners' detention–if the Court were to apply the Government's standard and the Government prevailed, would Petitioners then move for new merits hearings pursuant to the definition they have offered?  If so, it would appear that the Court needs to resolve the parties' dispute concerning the proper scope of the Government's detention authority prior to the merits hearings in order for the merits hearing to produce final decisions.

information.  *See, e.g.*, Consol. Traverses at 31, 54.  Because the redacted information appears relevant and potentially helpful to Petitioners' defense, it also appears to the Court that the redactions implicate the D.C. Circuit's decision in *Al Odah v. United States*, 2009 U.S. App. LEXIS 4538 (D.C. Cir. Mar. 6, 2009).  Accordingly, the parties shall confer and include a proposed schedule for briefing the issues associated with these redactions in their April 10, 2009 Joint Status Report, *except* if (i) Petitioners are willing to withdraw any arguments implicating the information that has been redacted from the classified factual returns, or (ii) Respondents are willing to disclose the redacted information that is implicated by Petitioners' arguments.

     **5) Executive Order 13,492.**  President Barack H. Obama recently issued Executive Order 13,492, directing the Attorney General to "[a]ssemble all information in the possession of the Federal Government that pertains to any individual currently detained at Guantanamo and that is relevant to determining the proper disposition of any such individual."  To the extent that materials relating to Petitioners have been collected or otherwise assembled in connection with this Executive Order (or that will be collected or otherwise assembled), such materials shall be produced to Petitioners' counsel, *provided* such materials were not previously reviewed or produced by Respondents' counsel in connection with any of their disclosure and discovery obligations under the Case Management Order, as amended, or the Court's subsequent discovery orders.  This obligation shall be immediate and ongoing.

     **SO ORDERED.**

Date: April 7, 2009

                                                     /s/
                                          **COLLEEN KOLLAR-KOTELLY**
                                          United States District Judge