# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FAWZI KHALED A.F. AL ODAH, *et al.*,

    Petitioners,

    v.

UNITED STATES, *et al.*,

    Respondents.

Civil Action No. 02-828 (CKK)

## MERITS HEARING PROCEDURES ORDER
(July 15, 2009)

This Order sets forth the procedures to be followed in connection with Petitioner Al Odah's Merits Hearing.[1] It is, this 15th day of July, 2009, hereby **ORDERED** that counsel are directed to carefully review this Order and to comply with each of the following items.

**1. Scheduling.** Petitioner's Merits Hearing is scheduled for August 11, 2009, at 9:30 A.M., to continue on August 12, 2009, at 9:30 A.M.[2] In connection with this hearing, the record for the Court's consideration shall consist of all evidence identified in the parties' respective Witness and Exhibit Lists and Petitioner's testimony if he decides to testify. Motions for leave to amend the parties' respective Witness and Exhibit Lists, Respondents' Statement of Facts, or the underlying Factual Return and Traverse, must be filed no later than August 3, 2009.[3] The parties

---

[1] This Order supersedes the Court's June 16, 2009 Order, June 17, 2009 Order, and June 22, 2009 Order as they relate to Petitioner Al Odah.

[2] The Court shall notify the parties if any changes to these dates or times become necessary.

[3] The Court has directed Petitioner's counsel to submit a revised Exhibit List that includes only those exhibits that relate to Petitioner Al Odah (as opposed to all of the Petitioners in this case).

are on notice that any evidence that has not been identified in the Witness and Exhibit Lists and disclosed to opposing counsel on or before August 3, 2009, may be excluded from consideration by the Court. The two exceptions to the August 3, 2009 deadline shall be (1) documents offered solely for the rebuttal of arguments made at the Merits Hearing that could not reasonably have been anticipated prior to August 3, 2009, or (2) exculpatory information, as to which Respondents have a continuing obligation to disclose to Petitioner.

    **2. Petitioner's Participation.** Petitioner's counsel shall notify the Court on or before August 3, 2009, as to whether Petitioner wants to listen to the unclassified opening statements at his Merits Hearing.

    **3. Certification Regarding Exculpatory Evidence.** For the reasons set forth in the Court's June 17, 2009 Order, Respondents shall file a Certification with the Court on or before August 3, 2009, stating that they have completed their review of all reasonably available information and disclosed all exculpatory evidence pursuant to the Amended Case Management Order, this Court's Discovery Orders, and the Court's Orders dated June 16, 2009, and June 17, 2009.

    **4. Exhibit Book.** On the morning of August 11, 2009, the parties shall present the Court with a Joint Exhibit Book that contains the exhibits the parties anticipate presenting during Petitioner's Merits Hearing.

    **5. Intake Form.** Respondents shall ascertain whether there exists an "intake form" created when the United States took custody of Petitioner Al Odah. If such a form exists, Respondents shall produce it to Petitioners' counsel on or before August 3, 2009, and the form must be included in the parties' Exhibit Book as an exhibit. If such a form does not exist,

Respondents shall file a Notice indicating the same on or before August 3, 2009.

**6. List of Contested Issues.**  The parties shall confer with respect to the contested issues that they expect to present during the Merits Hearing, and shall submit a Joint List of Contested Issues to the Court on or before August 3, 2009.

**7. Guantanamo Review Panel.**  Respondents' counsel shall file a Notice on August 10, 2009, indicating whether the Guantanamo Review Panel has made any decisions relating to Petitioner.

**8. Merits Hearing Procedures.**

**(A) Opening Statements**.  The parties shall begin with unclassified opening statements, with Respondents presenting their unclassified opening statement first.  The parties shall confer prior to August 11, 2009, to determine whether there are any disagreements as to what information may be considered unclassified, and to resolve the same.  If Petitioner chooses to listen to the unclassified opening statements, Petitioner shall be responsible for translators and Respondents shall be responsible for all other logistical arrangements.  Following unclassified opening statements, the parties shall present classified opening statements, with Respondents presenting their classified opening statement first.

**(B) Presentation of Evidence**.  The Court shall require an issue-by-issue evidentiary presentation.  Accordingly, Respondents shall make a presentation on a contested issue relevant to Petitioner's detention.  Petitioner shall then respond to Respondents' presentation through a presentation of evidence and argument.  Finally, Respondents may respond to Petitioner's presentation in rebuttal.  The parties shall repeat this sequence for each contested issue raised by Respondents.  Petitioner shall then be given the opportunity to present a contested issue relevant

to his detention that was not argued by the parties in the foregoing sequence, followed by a presentation by Respondents, and Petitioner's rebuttal.  The parties shall repeat this sequence for each contested issue raised by Petitioner.  The Court expects that counsel for Petitioner and Respondents will use electronic presentation devises to present their documentary evidence to the Court.  The parties should contact John Cramer, Office of Information Technology, to discuss the equipment available to the parties.

      **(C) Closing Statements**.  The parties shall present classified closing statements.  Respondents shall present their closing argument first, followed by Petitioner.  Respondents shall be allowed to make a rebuttal closing argument.

      **9. Unanticipated issues.**  If any unanticipated issues arise after the close of business on August 10, 2009, the parties shall first confer and attempt to reach a resolution.  If the issue cannot be resolved, the proponent of the issue shall FAX to Chambers by no later than 7:15 P.M. on August 10, 2009, a succinct statement of the issue and legal authority, if applicable.  The opposing party shall FAX by no later than 7:45 A.M. on August 11, 2009, a contrary position statement with legal authority, if applicable.

      **SO ORDERED.**

Date: July 15, 2009

                                          /s/
                            **COLLEEN KOLLAR-KOTELLY**
                            United States District Judge