UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAYIZ MOHAMMED AHMED
AL KANDARI, *et al.*,

    Petitioners,

v.

UNITED STATES, *et al.*,

    Respondents.

Civil Action No. 02-828 (CKK)

**MERITS HEARING PROCEDURES ORDER**
(September 9, 2009)

> Je n'ai fait celle-ci plus longue parceque
> je n'ai pas eu le loisir de la faire plus courte[1]

This Order sets forth the procedures to be followed in connection with Petitioner Al Kandari's Merits Hearing. It is, this 9th day of September, 2009, hereby **ORDERED** that counsel are directed to carefully review this Order and to comply with each of the following items.

**1. Scheduling.** Petitioner's Merits Hearing is scheduled for October 19, 2009 through October 23, 2009, with proceedings to begin daily at 9:00 A.M. In connection with this hearing, the record for the Court's consideration shall consist of all evidence identified in the parties' respective Witness and Exhibit Lists. Motions for leave to amend the parties' respective Witness and Exhibit Lists, Respondents' Statement of Facts, or the underlying Factual Return and

---

[1] BLAISE PASCAL, LETTRES PROVINCIALES, NO. 16 (1656-1657), *reprinted in* BARTLETT'S FAMILIAR QUOTATIONS, at 270 (Justin Kaplan, ed., 1992) (translation: I have made this longer than usual, because I lack the time to make it short).

Traverse, must be filed no later than October 13, 2009.[2]  In preparation for these filings, the parties shall (i) exchange initial proposed exhibits no later than October 5, 2009, (ii) exchange any additional exhibits no later than October 9, 2009, and (iii) confer regarding their final Exhibits Lists and any objections to the same prior to their submission to the Court on October 13, 2009.  The parties are on notice that any evidence that has not been identified in the Witness and Exhibit Lists and disclosed to opposing counsel on or before October 13, 2009, may be excluded from consideration by the Court.  The two exceptions to the October 13, 2009 deadline shall be (1) documents offered solely for the rebuttal of arguments made at the Merits Hearing that could not reasonably have been anticipated prior to October 13, 2009, or (2) exculpatory information, as to which Respondents have a continuing obligation to disclose to Petitioner.

      **2.   Petitioner's Participation.**  Petitioner's counsel shall notify the Court on or before October 13, 2009, as to whether Petitioner wants to listen to the unclassified opening statements at his Merits Hearing.

      **3.   Joint Task Force Database Discovery.**  In connection with the Court's April 7, 2009 Order, and by agreement of the parties to limit Respondents' obligations to search the Guantanamo Task Force Database for particular documents in which Petitioner's counsel are particularly interested, Respondents shall complete their search for agreed upon documents and shall produce all such exculpatory documents to Petitioner's counsel no later than September 30, 2009.

---

[2] The Court has directed Petitioner's counsel to submit a revised Exhibit List that includes only those exhibits that relate to Petitioner Al Kandari (as opposed to all of the Petitioners in this case).

**4. Certification Regarding Exculpatory Evidence.**  For the reasons set forth in the Court's June 17, 2009 Order, Respondents shall file a Certification with the Court on or before October 13, 2009, stating that they have completed their review of all reasonably available information and disclosed all exculpatory evidence pursuant to the Amended Case Management Order, this Court's Discovery Orders, and the Court's Orders dated June 16, 2009, and June 17, 2009.

**5. Exhibit Book.**  On the morning of October 19, 2009, the parties shall present the Court with a Joint Exhibit Book that contains the exhibits the parties anticipate presenting during Petitioner's Merits Hearing.

**6. Intake Form.**  Respondents shall ascertain whether there exists an "intake form" created when the United States took custody of Petitioner Al Kandari.  If such a form exists, Respondents shall produce it to Petitioners' counsel on or before October 5, 2009, and the form must be included in the parties' Exhibit Book as an exhibit.  If such a form does not exist, Respondents shall file a Notice indicating the same on or before October 13, 2009.

**7. List of Contested Issues.**  The parties shall confer with respect to the contested issues that they expect to present during the Merits Hearing, and shall submit a Joint List of Contested Issues to the Court on or before October 13, 2009.

**8. Guantanamo Review Panel.**  Respondents' counsel shall file a Notice on October 16, 2009, indicating whether the Guantanamo Review Panel has made any decisions related to Petitioner, and confirming that the Convening Authority has not referred charges against Al Kandari to a military commission.

**9. Merits Hearing Procedures.**

**(A) Opening Statements**.  The parties shall begin with unclassified opening statements, with Respondents presenting their unclassified opening statement first.  These unclassified opening statements shall be no more than 30 minutes per side.  The parties shall confer prior to October 19, 2009, to determine whether there are any disagreements as to what information may be considered unclassified, and to resolve the same.  If Petitioner chooses to listen to the unclassified opening statements, Petitioner shall be responsible for translators and Respondents shall be responsible for all other logistical arrangements.  Following unclassified opening statements, the parties shall present classified opening statements, with Respondents presenting their classified opening statement first.  These classified openings shall be no more than 15 minute per side.

**(B) Presentation of Evidence**.  The Court shall require an issue-by-issue evidentiary presentation.  Accordingly, Respondents shall make a presentation on a contested issue relevant to Petitioner's detention.  Petitioner shall then respond to Respondents' presentation through a presentation of evidence and argument.  Finally, Respondents may respond to Petitioner's presentation in rebuttal.  The parties shall repeat this sequence for each contested issue raised by Respondents.  Petitioner shall then be given the opportunity to present a contested issue relevant to his detention that was not argued by the parties in the foregoing sequence, followed by a presentation by Respondents, and Petitioner's rebuttal.  The parties shall repeat this sequence for each contested issue raised by Petitioner.  The Court expects that counsel for Petitioner and Respondents will use electronic presentation devises to present their documentary evidence to the Court.  The parties should contact John Cramer, Office of Information Technology, to discuss the

equipment available to the parties.

**(C) Closing Statements**.  The parties shall present classified closing statements. Respondents shall present their closing argument first, followed by Petitioner.  Respondents shall be allowed to make a rebuttal closing argument.  These closing statements shall be no more than 30 minutes per side.

**10.  Unanticipated issues.**  If any unanticipated issues arise after the close of business on October 16, 2009, the parties shall first confer and attempt to reach a resolution.  If the issue cannot be resolved, the proponent of the issue shall FAX to Chambers by no later than 7:15 P.M. on October 18, 2009, a succinct statement of the issue and legal authority, if applicable.  The opposing party shall FAX by no later than 7:45 A.M. on October 19, 2009, a contrary position statement with legal authority, if applicable.

**SO ORDERED.**

Date: September 9, 2009

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge